JUEL, et al, Respondents, v. WARDWELL et al, Appellants.

(211 N. W. 456.)

(File No. 5874. Opinion filed December 31, 1926.)

1. **Vendor and Purchaser—Rescission—Vendor's Deed Direct to One Who Bought from Purchaser at Purchaser's Request, Was Performance of Contract.**

   Where vendor deeds property direct to one who purchased from purchasers, at request and under direction of purchasers and with their full consent and approval, such conveyance was performance of land contract, and was not a rescission and cancellation of contract by vendor.

2. **Subrogation—Vendor, Having Been Compelled to Pay Mortgage Assumed by Purchaser, Could Recover from Purchaser, Where Mortgagee Assigned Mortgage and Indorsed Note Without Recourse to Vendor.**

   Where purchaser, under contract for sale of land, assumed mortgage, and vendor was compelled to pay same, he could recover from purchaser, where vendor had conveyed direct to one who had purchased from purchaser, and where mortgagee had indorsed note without recourse, and turned it, together with assignment of mortgage, over to vendor.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Vendor and purchaser, Key-No. 151, 39 Cyc. 1555; (2) Subrogation, Key-No. 18, 37 Cyc. 466 (Anno.).

Appeal from Circuit Court, Minnehaha County; Hon. H. B. RUDOLPH, Judge.

Action by M. P. Juel and another against Edgard Wardwell and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.

*A. B. Carlson,* of Canton, for Respondents.

POLLEY, J.   On and for some time prior to the 23d day
of July, 1919, plaintiffs were the owners of a half section of land
in Lincoln county.   On said date plaintiffs entered into a contract
with defendants, whereby plaintiffs agreed to sell and defendants
agreed to purchase the said land.   In consideration for the sale,
defendants paid $3,000 when the contract was executed; they as-
sumed and agreed to pay one Groenewald $4,000, evidenced by a
promissory note and secured by a mortgage on the land; they
were to pay $7,000 on the 1st day of March, 1920, and other pay-
ments not material to the disposition of the this case.   Plaintiffs
were to remain in possession of the land until the $7,000 payment
was made, at which time plaintiffs were to convey the land to
defendants.

After the execution of the contract, and prior to the 30th day
of March, 1920, defendants negotiated a sale of the land to the
Harrisburg Loan Company and turned the contract over to one
Kundert, who was an officer of the said loan company.   There-
after at the request of defendants, and as a matter of conveni-
ence to all parties concerned, plaintiffs conveyed the land directly
to Kundert, who thereafter conveyed it to said loan company.
When the $4,000 note that had been assumed by defendants came
due, demand was made upon them, and also upon Kundert and the
loan company, to pay the same, less the sum of $1,300 that had
been paid, either by defendants or one of the parties to whom the
land was conveyed, and the owner of the said mortgage brought
suit against plaintiffs for the balance due thereon, and they were
compelled to and did pay the same.   Plaintiffs then brought this
action to recover from defendants the amount so paid by plain-
tiffs.   Judgment was for plaintiffs, and defendants appeal.

[1]   It is contended by appellants that, in deeding the prop-
erty to Kundert, plaintiff rescinded and canceled the contract
with appellants and substituted Kundert in their place, and that
they thereby became relieved from further liability on the contract.
This contention is wholly refuted by the evidence.   The evidence
shows and the court found that the property was conveyed to
Kundert, at the request and under the direction of appellants, and
with their full consent and approval.   This being true, the con-
veyance to Kundert was as much a performance of the terms of

the contract as though the conveyance had been made to appellants.

[2] When plaintiffs paid the balance due on the Groenewald note, Groenewald indorsed the note without recourse and turned it, together with an assignment of the mortgage, over to plaintiffs. Appellants contend that this transaction does not constitute payment of the note, but that the money was used by plaintiffs to purchase the note and mortgage and retain the same as an investment. There is nothing in the record to suggest any such intention on the part of plaintiffs. The evidence shows that plaintiffs were compelled to pay the note, and, under the agreement contained in the deed, plaintiffs are entitled to recover the same from appellants. Klein v. Olstad, 50 S. D. 310, 210 N.W. 18.

The judgment and order appealed from are affirmed.